## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FIA CARD SERVICES, N.A. FKA, | § | |
| MBNA AMERICA BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2382 |
| | § | |
| SAMUEL M. GACHIENGU, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case presents issues of jurisdiction and procedure.  The plaintiff, FIA Card Services, N.A., fka MBNA, America Bank, N.A. ("FIA") sued Samuel M. Gachiengu in the Harris County, Texas County Court at Law No. 1, seeking to enforce an arbitration award of $31,019.81 based on credit card debt.  (Docket Entry No. 1, Ex. A).  On July 8, 2007, the defendant, Gachiengu, counterclaimed for violations of the federal Fair Debt Collection Practices Act and sought certification of a class action.  (*Id.*, Ex. C).  The putative class consisted of "Defendant's cardholders in Harris County, Montgomery County, Fort Bend County, Brazoria County, and Waller County Texas, that Plaintiff has sought collections from.  Specifically, the cardholders in these Counties that have sustained and/or have been a victim of a suit to confirm an arbitration award that was in excess of a year old." (*Id.*, Ex. C, ¶ 21).  Gachiengu sought statutory damages, attorneys' fees, and exemplary damages. (*Id.*, Ex. C, ¶¶ 31–33).

On July 23, 2007, within 30 days of the counterclaim, the plaintiff, FIA, removed to federal court.  (Docket Entry No. 1).  In the Notice of Removal, FIA invoked this court's federal question jurisdiction on the basis that the counterclaim raised issues under the Federal Arbitration Act (the "FAA") and the Fair Debt Collection Practices Act (the "FDCPA").  (*Id.* at 2).  On January 9, 2008, Gachiengu moved to remand, arguing that as a plaintiff, FIA could not remove.  (Docket Entry No. 12).  FIA has responded, arguing that Gachiengu waived its objection to a procedural defect in the removal.

## I.    Removal

The federal statute governing removal only authorizes removal by state court defendants.  *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.") (emphasis added).  As a general rule, it is improper for plaintiffs to remove a case to federal court.  *See* 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731 at 253 (3d ed. 1998) ("The limitations in the statute have been interpreted strictly by the federal courts, who often speak of the right of removal being limited to 'true' defendants.  Thus, the plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them."); *see also Roger Ward-San Antonio Inc. v. Miles*, No. 3:02-CV-354-R, 2002 WL 1592645, at *1 (N.D. Tex. July 18, 2002) (finding the intervenors' argument that the

2

case was improperly removed because a plaintiff cannot initiate removal in response to a counterclaim to be "well-taken," although waived due to untimely assertion) (citing 28 U.S.C. § 1441(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–07 (1941); *Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc.*, 182 F. Supp. 2d 599, 602 (S.D. Tex. 2002)).

The removal was improper because as a plaintiff, FIA was not statutorily entitled to remove even after Ganchiengu filed a counterclaim that raised a federal claim. The issues are whether Gachiengu waived his right to object on this basis because he did not file the motion to remand within 30 days after the Notice of Removal was filed and, if so, whether the case may remain in federal court.

## II.     Procedural Defects and Waiver

A motion to remand a case on the basis of defects in removal procedure must be made within 30 days after the notice of removal is filed. *See* 28 U.S.C. § 1447(c). There is no time limit on remand for lack of subject-matter jurisdiction.

Section 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . .

*Id.* "In substance, the section differentiates between removals that are defective because of lack of subject-matter jurisdiction and removals that are defective for some other reason . . . ." *Wis. Dep't of Corrections v. Schacht*, 524 U.S. 381, 392 (1998).

3

Most cases considering the issue have concluded that "a defect in removal procedure within the meaning of Section 1447(c) refers to any defect that does not involve the inability of a federal district court to entertain the suit as a matter of its original subject-matter jurisdiction, which, according to Section 1441(a), would make the action nonremovable." 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739 at 451; *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 786 (5th Cir. 1996) (stating that if the plaintiff originally could have brought suit in federal court, a defendant who removes a claim despite a statutory prohibition commits only procedural error); *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (finding that removal of case to wrong division of federal court is a procedural, not jurisdictional, defect); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544–45 (5th Cir. 1991) (A "procedural" defect in section 1447(c) is "any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original subject matter jurisdiction."); *see also Korea Exchange Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) ("[A]n irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court.").

One of the leading cases on how an improper removal affects subject-matter jurisdiction is the Fifth Circuit case of *Baris v. Sulpicio Lines, Inc.*, rejecting plaintiffs' argument that a lack of removal jurisdiction deprived the district court of subject-matter jurisdiction. 932 F.2d at 1546–48. In *Baris*, the plaintiffs sued in state court under 46 U.S.C. §§ 761–767, the Death on the High Seas Act ("DOHSA"). After removal, the plaintiffs

sought remand, contending that the action was nonremovable under the "saving to suitors" clause.  The district court agreed that "the DOHSA and general maritime claims had been improperly removed" but held that "the court had subject matter jurisdiction, despite the improper removal, since the case could have been filed originally in federal court."  *Baris*, 932 F.2d at 1542.  The Fifth Circuit held that it did not need to decide "whether the cause was removable, as the plaintiffs, in any event, have waived their right to seek a remand."  *Id.* at 1543.  The Fifth Circuit concluded that any lack of removal jurisdiction—as opposed to original subject-matter jurisdiction—was a procedural defect subject to waiver under the thirty-day limit of section 1447(c).  *See id.*  As the court explained: "The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction.  The former is waivable; the latter is not."  *Id*. at 1543–44 (internal citations omitted).  The court emphasized that section 1447(c) mentions original subject-matter jurisdiction, but not removal jurisdiction.  *Id.* at 1544.  "When Congress has intended to refer to removal jurisdiction, it has distinguished that concept from the doctrine of original subject matter jurisdiction."  *Id.* (citing 45 U.S.C. § 822(e)).  The *Baris* court concluded that "'an irregularity in removal is waivable and, if waived, a federal court has power to proceed with a removed case that is within its original jurisdiction but is not one subject to removal . . . .'"  *Baris*, 932 F.2d at 1544 (quoting 1A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE, ¶ 0.157[11.-4] at 173 (2d ed. 1990)).  The court concluded that once the plaintiffs waived the right to contest removal jurisdiction by failing to move to remand within thirty

days, the proper inquiry was whether the district court would have possessed original jurisdiction over the case. *See id.* at 1545–46.

Because the holdings of several other courts were in conflict with *Baris*, in 1996 Congress amended section 1447(c) by striking the phrase "any defect in removal procedure" and inserting "any defect other than lack of subject matter jurisdiction" into section 1447(c).[1] *See* Act of October 1, 1996, Pub. L. No. 104-219, § 533, 110 Stat. 3022; *see also* Clarification of Rules for Removal of Cases to Federal Court, H.R. Rep. No. 104-799, 104th Cong., 2d Sess. at 2 (1996) (explaining that the purpose of the law is to clarify that the thirty-day limit applies to defects other than a lack of subject-matter jurisdiction). The 1996 amendment ratified the position of the Fifth Circuit and the majority of courts holding that after thirty days from the notice of removal has elapsed, the only ground for a remand is lack of subject-matter jurisdiction. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (holding that failure to comply with the forum defendant rule in the removal

---

[1] In particular, in *Hurt v. Dow Chem. Co.*, 963 F.2d 1142 (8th Cir. 1992), the Eighth Circuit held that the district court had no jurisdiction to hear the case because the case was improperly removed. In *Hurt,* the plaintiff filed a complaint in state court as a result of personal injuries allegedly resulting from exposure to a pesticide. *Id.* at 1143. The defendants, Dow Chemical and Rose Exterminator, removed the case to federal court on the basis of federal-question removal jurisdiction. *Id.* The federal question asserted was that plaintiff's claims were preempted by the Federal Insecticide, Fungicide, and Rodenticide Act. *Id.* The Eighth Circuit held that federal law did not completely preempt plaintiffs' action. *Id.* at 1144–45. The case was improperly removed because the complaint did not present a federal question. *Id.* at 1144. Defendants argued that the district court continued to have original subject-matter jurisdiction because the district court would have had diversity jurisdiction had the complaint been filed in federal court. *Hurt*, 963 F.2d at 1145. Section 1441(b) does not allow removal of diversity jurisdiction cases if one of the defendants is a citizen of the State in which such action is brought. *Id.* Although the district court had original subject-matter jurisdiction over the action, defendants could not have removed it. *Id.* The court in *Hurt* held "[i]f one of the statutory requirements is not met, the district court has no jurisdiction." *Id.* The Eighth Circuit's decision did not address section 1447, which had been amended in 1988 to include the thirty-day limitation, and failed to address the distinction between lack of subject-matter jurisdiction and other defects in removal that Congress had recognized. The decision created a circuit split with *Baris* but did not even cite the case.

6

statute, section 1441(b), is failure to comply with a procedural requirement that may be waived as a non-jurisdictional defect subject to the thirty-day time limit imposed by section 1447(c), and that this was in agreement "with eight of the nine circuits that have addressed this issue") (collecting cases).

Although a plaintiff may not remove a case, such a removal is a procedural defect that is waived if not raised within thirty days. In *Roger Ward-San Antonio, Inc*., 2002 WL 1592645, at *1, the intervenors had argued that the case was improperly removed because "a plaintiff may not initiate removal in response to a counterclaim" and because the defendant did not consent to removal. The district court held that the "intervenors have waived their right to contest these procedural defects. A motion to remand on the basis of a defect other than lack of subject matter jurisdiction 'must be made within 30 days after the filing of the notice of removal under section 1446(a).'" *Id.* at *1–2 (quoting 28 U.S.C. § 1447(c)).

Similarly, in *Green Tree Fin. Corp. v. Arndt*, 72 F. Supp. 2d 1278 (D. Kan. 1999), the plaintiff's original claim in state court was dismissed by stipulation, but a counterclaim remained. *Id.* at 1280. The plaintiff removed the case to federal court. The defendants did not seek remand, but the magistrate judge raised the issue of improper removal. *Id.* at 1280–81. The court determined that the state-court plaintiff had improperly removed based on the defendant's counterclaim, but the state-court defendants had failed to object and waived the procedural defect in the removal. *Id.* at 1282, 1283–84. The court held that the defect in removal, and the lack of removal jurisdiction, did not affect the court's original

7

subject-matter jurisdiction.  *See id.* at 1284.  "The removal statutes merely provide the procedure or technical requirements that must be followed to bring an action from state court to federal court; they do not impose independent jurisdictional requirements."  *Id.* (citing *Korea Exchange Bank*, 66 F.3d at 49).  The *Green Tree* court summarized:

> [T]he fact that removal is contrary to the technical requirements has no effect on subject matter jurisdiction.  Congress recognized cases would be removed in contravention of the removal statutes but imposed a thirty-day period for seeking remand on non-jurisdictional grounds.

*Green Tree*, 72 F. Supp. 2d at 1284 (citing *Baris*, 932 F.2d at 1546 n.8).

Similarly, in this case, the fact that FIA removed the case despite its status as a plaintiff is a procedural defect.  By delaying nearly six months to file a motion to remand, Gachiengu waived his objection to this procedural defect.  If subject-matter jurisdiction exists, this case must remain in federal court.  If there is no subject-matter jurisdiction, remand is required.

## III.    Subject-Matter Jurisdiction

### A.    Federal Question Jurisdiction: The FAA

FIA asserts that federal question jurisdiction exists under both the Federal Arbitration Act and the Federal Fair Debt Collection Practices Act.  The FAA does not, however, provide an independent basis for federal question jurisdiction.  The Supreme Court has held that section 4 of the Federal Arbitration Act, which authorizes the filing of a petition to

compel arbitration, does not create an independent basis for federal jurisdiction.[2] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).  For a federal court to enter an order to compel arbitration under section 4, "there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue." *Id.* (citation omitted); *see also Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004); *Prudential-Bache Sec., Inc. v. Fitch*, 966 F.2d 981, 987 (5th Cir. 1992) (explaining that "*Moses Cone* establishes definitively that the FAA does not provide an independent basis for federal jurisdiction").  The federal courts have held that the jurisdictional requirements contained in section 4 of the FAA apply to confirmation proceedings brought under section 9,[3] as well as other provisions.  *See generally Transp. Cybernetics, Inc. v. Forest Transit*

---

[2] Section 4 provides, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

[3] Section 9 provides, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

*Comm'n*, 950 F.2d 350 (7th Cir. 1991) (noting that both parties in the confirmation suit had wrongfully assumed that jurisdiction could be based on the FAA alone); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 912 F.2d 608 (2d Cir. 1990) (interpreting section 10 of the Act); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968 (9th Cir. 1981) (dismissing section 9 motion to confirm for lack of subject-matter jurisdiction); *New Hope Baptist Church v. Design Bldg. Interiors, Inc.*, 789 F. Supp. 19 (D.D.C. 1992) (interpreting section 9 of the Act); *Quick & Reilly, Inc. v. Saglio*, 717 F. Supp. 822 (S.D. Fla. 1989) (interpreting section 9 of the Act); *Dorn v. Dorn's Transp., Inc.*, 562 F. Supp. 822 (S.D.N.Y. 1983) (interpreting section 9 of the Act); *Williams v. Beyer*, 455 F. Supp. 482 (D.N.H. 1978) (involving a motion to confirm under section 9 and a motion to vacate under section 10).

Federal question jurisdiction cannot be based on the FAA.

### B.    Federal Question Jurisdiction:  The FDCPA

The counterclaim asserts violations of the FDCPA, alleging a claim "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  The question is whether, in light of the dilatory motion to remand, federal question jurisdiction based on the state-court defendant's counterclaim provides subject-matter jurisdiction.

As a general rule, a counterclaim raising a federal question does not create federal removal jurisdiction.  *See* 16 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE §

---

9 U.S.C. § 9.

107.14[3][a][vi], p. 107-86.19 (3d ed. 2007) ("In general, a defendant may not allege a federal question counterclaim and seek removal on that basis.").  Recognizing the difference between original and removal jurisdiction in cases in which both state and federal courts would have original jurisdiction, courts have held that a counterclaim may confer federal jurisdiction on a district court when the case is removed to that court, no motion to remand is filed within 30 days after the removal, a counterclaim has been asserted, and the counterclaim could have been brought as an original action in federal court.  *See Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176 (1913); *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 487–88 (2d Cir. 1998); *Prop. Clerk v. Smith*, No. 00CIV.2133(AKH), 2000 WL 1725017, at * 2 (S.D.N.Y. Nov. 17, 2000); *Green Tree*, 72 F. Supp. 2d at 1284.  Under these authorities, arguments based on procedural obstacles to jurisdiction—such as the "technical order" of the pleadings and the manner in which the case is brought before the court—may be waived.  *See Mackay*, 229 U.S. at 176–77 ("But if there was any irregularity in docketing the case or in the order of the pleadings, such an irregularity was waivable, and neither it nor the method of getting the parties before the court, operated to deprive it of the power to determine the cause.").

In *Baris*, the Fifth Circuit examined a removed case in which the parties were not diverse and the state court complaint raised a federal question that could not be the basis of removal.  The court found that this defect in removal was waivable and did not affect subject-matter jurisdiction.  *Baris*, 932 F.2d at 1544–45.  The court relied on *Mackay v. Uinta Dev. Co.*, 229 U.S. 173 (1913), which involved a diversity case removed from state court.  In

11

*Mackay*, the plaintiff's claim did not meet the jurisdictional amount.  The counterclaim, filed in state court, did exceed the jurisdictional amount necessary for original subject-matter jurisdiction in the federal court.  *Baris*, 932 F.2d at 1545 (citing *Mackay*, 229 U.S. at 176). The *Baris* court noted that in *Mackay*, the Court had held that because "neither party had objected to removal, the district court had subject-matter jurisdiction and could entertain the cause, as the counterclaim could have been brought as an original action in federal court in satisfaction of the jurisdictional-amount requirement.  The 'irregularity was waivable and neither it nor the method of getting the parties before the court operated to deprive it of the power to determine the cause.'"  *Id.* (quoting *Mackay*, 229 U.S. at 177).  In *Baris*, the Fifth Circuit held that the "absence of removal jurisdiction in *Mackay* because of an insufficient amount in controversy is no different from the assumed nonremovability of a DOHSA claim . . . .  [I]n each, the federal district court would have had original jurisdiction if the action had been filed there in the first instance."  *Id.*

In *Mackay,* the Court held that the district court's diversity jurisdiction over the improperly removed case was invoked because the parties were diverse and the counterclaim exceeded the required jurisdictional amount, although the original claim was below the jurisdictional amount.  *See Mackay*, 229 U.S. at 175–76.  "Removal proceedings are in the nature of process to bring the parties before the United States court . . . .  What took place in the state court may . . . be disregarded by the court because it was waived by the parties, and regardless of the manner in which the case was brought or how the attendance of the parties in the United States court was secured, there was presented to the circuit court a controversy

12

between [diverse parties]." *Id.* at 176.  In *Green Tree*, 72 F. Supp. 2d at 1285, the court reached a similar conclusion, finding that the parties were diverse and the counterclaim—although not the claim—sought damages in excess of $75,000.

In *Property Clerk v. Smith*, No. 00CIV.2133(AKH), 2000 WL 1725017 (S.D.N.Y. Nov. 17, 2000), the court addressed a case removed from the state court between nondiverse parties.  The complaint sought forfeiture of a vehicle under a municipal ordinance dealing with impoundment of vehicles when their drivers are arrested for driving while intoxicated. *Id.* at *1.  The counterclaim, filed in state court, raised constitutional challenges to the ordinance.  *Id.*  The case was removed but no timely remand motion was filed.  *Id.*  The court held that this failure waived objections to the procedural defect in removal.  *Id.* at *2.  The objection to lack of original subject-matter jurisdiction was not waived but was without merit.  *Id.*  The district court judge noted that, "as in *Mackay*, subject-matter jurisdiction appears to depend on the nature of the counterclaim, but the claims are so interrelated that the order of the pleadings easily could have been reversed.  The complaint effectively seeks to establish that Defendant has lost any rights to the property at issue, while the counterclaim seeks to establish and exercise those very rights.  Essentially, the claims are two sides of the same coin."  *Smith*, 2000 WL 1725017, at *2.  The court held because the state-court defendant had brought a counterclaim under a federal statute and the United States Constitution, presenting an issue squarely within federal question jurisdiction, the federal court would have had original subject-matter jurisdiction over the case and remand was not required.  *Id.*

13

In the present case, the parties have not identified whether they are diverse or, if they are, whether the counterclaim exceeds the jurisdictional minimum because the named counter-plaintiff is seeking attorneys' fees and exemplary damages.  In a class action, attorneys' fees may be imputed to the class representative and used in determining whether a claim exceeds the jurisdictional minimum.[4]  *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 876 (5th Cir. 2002).  The parties have not briefed the issue of diversity jurisdiction and this court cannot determine on the present record whether the counterclaim satisfies the requirements for exercising diversity jurisdiction.

However, it does appear on the present record that federal question jurisdiction is satisfied.  The counterclaim asserts a federal claim that could have been filed within the original jurisdiction of the federal court.  In the narrow set of circumstances present

---

[4] No party has urged, and it does not appear, that the Class Action Fairness Act would make this case removable or within federal diversity jurisdiction.  The relevant language in CAFA states:

> A class action may be removed to a district court of the United States in accordance with section 1446 . . ., without regard to whether *any defendant* is a citizen of the State in which the action is brought, except that such action may be removed by *any defendant* without the consent of all defendants.

28 U.S.C. § 1453(b) (2005) (emphasis added).  Courts have held that CAFA does not permit a state-court counter-defendant to remove.  In *Ford Motor Credit Co. v. Jones*, No. 1:07CV728, 2007 WL 2236618 (N.D. Ohio July 31, 2007), what began as a collection action in state court led to a counterclaim against Ford Motor Credit and a "cross-claim" against a codefendant alleging violations of state consumer protection law and a request for class certification. *Id.* at *1.  The "cross-claim defendant" removed the case to federal court. *Id.*  Because the cross-claimant did not have authority to remove under 28 U.S.C. § 1441, it argued that CAFA provided an independent basis for removal. *Id.*  The district court declined the invitation to expand the definition of defendant to include an independent basis for removal under CAFA for a "cross-claim defendant." *Id.* at *2; *see also CitiFinancial, Inc. v. Lightner*, No.5:06CV145, 2007 WL 3088087, at *4 (N.D.W. Va. Oct. 22, 2007).  And there is no basis to conclude that the jurisdictional requirements necessary to invoke CAFA—including a $5 million jurisdictional amount—are met.

here—the motion to remand is untimely and the counterclaim presents matters within federal subject-matter jurisdiction—under *Mackay*, 229 U.S. 173, *Baris*, 932 F.2d 1540, and the district court cases identified above, this court has subject-matter jurisdiction and need not remand this case.

The motion to remand is denied on the present record because this court has federal question jurisdiction over the counterclaim and there was no timely objection to the procedural defect that removal was obtained by action of the state-court plaintiff. However, this court is unable to determine on the present record whether it also has diversity jurisdiction over this case. The parties are requested to submit briefing on the issue of whether the counterclaim creates diversity jurisdiction. Each side must submit an additional brief of no more than ten pages addressing this issue no later than **February 15, 2008**.

## IV.    Conclusion

The plaintiff was not entitled to remove this action under section 1441(a). But the improper removal is a procedural defect that was waived by the defendants' failure to seek timely remand under section 1447(c). The manner in which this case came to federal court was improper, but because this court has subject-matter jurisdiction, the case must remain.

The motion to remand is denied on the current record.  The parties are to submit the additional briefing regarding diversity jurisdiction described above no later than **February 15, 2008**.

SIGNED on February 5, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge