**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FIA CARD SERVICES, N.A. FKA, § | | |
| MBNA AMERICA BANK, N.A., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-2382 | |
| § | | |
| SAMUEL M. GACHIENGU, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM AND OPINION**

This suit was filed by FIA Card Services, N.A., fka MBNA, America Bank, N.A. ("FIA") against Samuel M. Gachiengu to confirm an arbitration award issued in June 2005, in the amount of $31,019.81. The arbitration award was based on unpaid credit-card debt. The arbitration was conducted under a provision in the credit-card agreement. (Docket Entry No. 1). FIA filed this suit in state court in April 2007. An earlier suit had been dismissed without prejudice for want of prosecution. The suit was removed to federal court, where Gachiengu counterclaimed alleging violations of the Federal Arbitration Act and the Texas Debt Collection Act. (Docket Entry No. 17).

The following motions are pending:

- FIA has moved for summary judgment and to confirm the arbitration award. (Docket Entry No. 23). Gachiengu responded. (Docket Entry No. 27).

- Gachiengu has moved for partial summary judgment on the grounds that this suit to confirm the arbitration award is barred by limitations; he challenged the arbitration clause itself, which required a court to decide if an agreement existed and if so to compel arbitration; and his refusal to participate in the arbitration required a court order compelling him to do so. (Docket Entry No. 24). FIA responded. (Docket Entry No. 26).

- Gachiengu also moved to vacate the award on the basis of limitations and the lack of a court ruling on whether the parties agreed to arbitration. (Docket Entry No. 27). FIA has moved to strike Gachiengu's response and motion to vacate as untimely. (Docket Entry No. 30).

Based on the pleadings, the motions and responses, the parties' submissions, and the applicable law, this court concludes that the one-year limitations period in 9 U.S.C. § 9 bars FIA's suit to confirm the arbitration award. As a result, this court grants Gachiengu's motion for partial summary judgment that limitations bars FIA's suit to confirm the award and denies FIA's motion for summary judgment and to confirm the arbitration award. This court grants FIA's motion for summary judgment dismissing Gachiengu's Texas Debt Collection Act counterclaims. FIA's motion to strike Gachiengu's response and motion to vacate the award as untimely is granted and, alternatively, Gachiengu's motion to vacate is denied on the merits. Final judgment dismissing this case is entered by separate order.

The reasons for these rulings are set out below.

**I.   Background**

The summary judgment evidence includes Gachiengu's credit-card agreement, which contained an arbitration provision. That provision stated:

> Any claim or dispute . . . arising from or relating in any way to this Agreement or any prior Agreement or your account (whether under a statute, in contract, tort, or otherwise and whether for money damages, penalties or declaratory or equitable relief), including Claims regarding the applicability of this Arbitration and Litigation Section or the validity of the entire Agreement or any prior Agreement, shall be resolved by binding arbitration. . . .This arbitration agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("FAA"). Judgment upon any arbitration award may be entered in any court having jurisdiction.

(Docket Entry No. 23, Ex. 1A at 9–10). The agreement also contained a choice-of-law provision specifying Delaware law:

> This agreement is made in Delaware and we extend credit to you in Delaware. This agreement is governed by the laws of the State of Delaware (without regard to its conflict of laws principles) and by any applicable federal laws.

(*Id.*, Ex. 1A at 9).

The arbitration claim was served on Gachiengu on May 20, 2005. (*Id.*, Ex. 1C). Gachiengu was informed of the claim by the National Arbitration Forum, the arbitration tribunal specified in the credit-card agreement. Gachiengu filed a response that he entitled "Respondent's Opposition to Arbitration," in which he asserted that there was no proof of the existence of a valid arbitration agreement, citing *Prima Paint v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), and that the arbitration agreement terms were unconscionable. (Docket Entry No. 25).

On June 22, 2005, FIA obtained an arbitration award against Gachiengu for $31,019.81. The award was sent to Gachiengu on the same day. (Docket Entry No. 23, Ex. 1E). On November 22, 2005, FIA filed suit in Texas state court to confirm the arbitration award. (Docket Entry No. 23, Ex. 1F). FIA was unable to serve Gachiengu. On July 10, 2006, FIA obtained an order permitting substituted service, (*Id.*, Ex. 1G), but on August 7, 2006, FIA's suit was dismissed for want of prosecution. (*Id.*, Ex. 1H).

On April 26, 2007, FIA filed another suit against Gachiengu in Texas state court, seeking to confirm the arbitration award. (Docket Entry No. 23, Ex. 1I). On July 8, 2007, Gachiengu filed a counterclaim alleging violations of the federal Fair Debt Collection Practices Act and asserting a class action. (Docket Entry No. 1, Ex. C). The putative class consisted of "Defendant's cardholders in Harris County, Montgomery County, Fort Bend County, Brazoria County, and Waller County Texas, that Plaintiff has sought collections from. Specifically, the cardholders in these Counties that have sustained and/or have been a victim of a suit to confirm an arbitration award that was in excess of a year old." (*Id.*, Ex. C at 6).

On July 23, 2007, within 30 days of the filing of the counterclaim, FIA removed the suit to federal court. (Docket Entry No. 1). A remand motion was denied and the case remained in federal court. Gachiengu filed an amended answer and counterclaim eliminating his federal Fair Debt Collection Practices Act and class action claims and adding a claim for violations of the Texas Debt Collection Act. (Docket Entry No. 17).

The issues raised by the pending motions are whether FIA is entitled to confirm the arbitration award; whether the award should be vacated; and whether the filing of this suit violated the Texas Debt Collection Act.

## II.     The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "'An issue is material if its resolution could affect the outcome of the action.'" *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005) (quoting *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003)). "If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 471

(5th Cir. 2002) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by 'only a 'scintilla' of evidence.'" *Little*, 37 F.3d at 1075 (internal citations omitted). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

### III.    The Statute of Limitations

FIA seeks confirmation of the arbitration award under section 9 of the Federal Arbitration Act. Section 9 provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

6

9 U.S.C. § 9. Gachiengu argues that the one-year period specified in section 9 is a mandatory limitations period on applications to confirm arbitration awards. Gachiengu argues that FIA is barred from seeking confirmation of the award under section 9 by this one-year period. (Docket Entry No. 24 at 4). FIA responds that the one-year period in section 9 is permissive, not mandatory. (Docket Entry No. 23 at 3).

There is a division in the circuits that have addressed this issue in depth. The Fourth and Eighth Circuits have held that the use of the word "may" in section 9 made the one-year period permissive, not mandatory. *See Sverdrup Corp. v. WHC Constructors, Inc*., 989 F.2d 148, 151–56 (4th Cir. 1993); *Val-U Const. Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998). The Second Circuit has held that section 9 is a mandatory one-year period on confirmation suits. *Photopaint Technologies, LLC v. Smartlens Corp.*, 335 F.3d 152, 156–58 (2d Cir. 2003) (discussing the circuit split over whether the one-year filing period in section 9 is permissive or mandatory and holding that "the FAA does impose a one-year statute of limitations"); *see also Gen. Elec. Co. v. Anson Stamping Co. Inc.*, 426 F. Supp.2d 579, 591 (W.D. Ky. 2006) ("The natural and necessary reading of 9 U.S.C. § 9 (1999) and its confirmation provisions requires that the courts give full effect to the entire language of the statute including its one-year statute of limitations provision for confirmation proceedings."); *United Government Security Officers of America v. Special Operations Group, Inc.*, 436 F. Supp.2d 790, 795 (E.D. Va. 2006) ("Although the Second Circuit's reasoning in *Photopaint* is sound, indeed compelling, *Sverdrup* remains controlling precedent in this circuit and district courts are not at liberty to reach a different result); *Maryland*

*Transit Admin. v. Nat'l R.R. Passenger Corp.*, 372 F. Supp.2d 478, 483 (D. Md. 2005) (acknowledging the binding nature of *Sverdrup* but stating that the Fourth Circuit "is very likely to reconsider that holding" in light of the Second Circuit's decision in *Photopaint*); *In re Consol. Rail Corp.*, 867 F. Supp. 25, 32 (D.D.C. 1994) ("This court holds that the plain reading of § 9 indicates that if a party does not bring an action to confirm its arbitration award within one year after the award is made, the party will be time-barred from availing itself of the summary confirmation process provided by § 9.").

The Second Circuit's conclusion is supported by the language of section 9 of the FAA. As the Second Circuit pointed out, the word "may" in section 9 can be read to reflect a party's discretion as to whether to apply to the court for an order confirming the award. If a party does file such a motion, it must do so within one year after the award is made. "[W]e read the word 'may' in section 9 as permissive, but only within the scope of the preceding adverbial phrase: '[a]t any time within one year after the award is made.' We therefore hold that section 9 of the FAA imposes a one-year statute of limitations on the filing of a motion to confirm an arbitration award under the FAA." 335 F.3d at 158. This result advances the important value of finality. *Id.* The Fifth Circuit has apparently adopted this approach, although without any discussion. The Fifth Circuit has stated that section 9 requires that a motion to confirm an arbitration award be filed within one year after the award is made. *See Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 731 (1987) (stating that "[t]he complaint to enforce the arbitration award was filed within one year as required by 9 U.S.C. § 9."); *see also SmartPrice.com, Inc. v. Long Distance Services, Inc.*, No.

SA-07-CV-087-XR, 2007 WL 1341412, at *4 (W.D. Tex. May 4, 2007) ("The Application was timely filed in this Court within one year after the Award was made.").

This court joins those concluding that the one-year period in section 9 of the FAA is mandatory. FIA filed this suit more than one year after the arbitration award was issued. FIA points out that its initial suit was filed within the one-year limitations period, but the dismissal of a suit due to a party's failure to prosecute does not toll the limitations period. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) ("Price's original Title VII claim was timely, but was dismissed without prejudice for want of prosecution. That lawsuit did not toll the ninety-day period for the Title VII claim."); *see also Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 58–59 (1st Cir. 1998) (dismissal without prejudice for failure to prosecute did not toll 90-day filing period for action under the Americans with Disabilities Act); *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 274 (10th Cir. 1991) (refusing to toll FTCA six-month limitations period during filing of previous FTCA lawsuit which was dismissed without prejudice for failure to prosecute).

FIA argues that "even if this Court determines that Section 9 contains a one year statute of limitations and that the initial filing within one year of the Award was not sufficient to comply with the provision, FIA is entitled to confirmation of the Award at common law." (Docket Entry No. 23 at 8). "[A]n action at law remains a viable alternative to confirmation proceedings under § 9." *Sverdrup*, 989 F.2d at 155; *accord Photopaint Technologies*, 335 F.3d at 159 (stating that "[w]e agree with the Fourth Circuit that an action at law offers an alternative remedy to enforce an arbitral award," but that "a party to an arbitration is entitled

to the benefits of the streamlined summary proceeding only if, as it may do, it files at any time within one year after the award is made").

Contrary to Gachiengu's argument, the FAA does not preempt state common-law actions to confirm arbitration awards. But in this case, the state-law action for confirmation of an award has a one-year limitations period. The credit-card agreement stated that "[t]his agreement is governed by the laws of the State of Delaware (without regard to its conflict of laws principles) and by any applicable federal laws." (Docket Entry No. 23, Ex. 1A at 9). The Delaware common-law right to seek confirmation of an arbitration award was superseded by statutory procedures set out in the Delaware Uniform Arbitration Act, DEL. CODE ANN. TIT. 10, § 5713 (2008), enacted in 1972. *See Capron v. Buccini*, No. CIV.A. 99A-12-018 WCC, 2001 WL 237929, at *2–3 (Del. Super. Ct. Feb. 28, 2001), *aff'd*, No. 114,2001, 2001 WL 874764 (Del. July 25, 2001) ("While such action may have existed prior to 1972, to allow it to continue in light of the clear intent and legislative action of the General Assembly in passing the Act would significantly undermine and abrogate the purpose of the statute."). Under Delaware law, "the Act is the exclusive remedy now available . . . to confirm an arbitration award." *Id.* at *2. The Delaware Uniform Arbitration Act imposes a one-year statute of limitations on suits to confirm an arbitration award. *Id.* at *1, *3; *accord Geis v. Tech Intern., Inc.,* No. C.A. 14983-NC, 1998 WL 409148, at *2 (Del. Ch. June 17, 1998). FIA is time-barred from seeking confirmation of the award under both the FAA and Delaware law.

Gachiengu's motion for partial summary judgment on the issue of whether FIA's suit to confirm the award is time-barred is granted. FIA's motion for summary judgment and motion to confirm the arbitration award are denied.

## IV.     The Motion to Vacate

Gachiengu's motion to vacate the award was not timely filed and lacks merit. Gachiengu's motion is based on an overly broad reading of *Prima Paint*. *See* 388 U.S. 395. Gachiengu does not allege fraud in the inducement of the arbitration provision in the credit-card agreement. Nor does Gachiengu make any showing that the FAA's statutory grounds for vacating an award have been met. 9 U.S.C. § 10(a). The motion to vacate is denied.

## V.      The Texas Debt Collection Act Claims

Under the Texas Debt Collection Act ("TDCA"), "[e]xcept as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: . . . (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; . . . (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." TEX. FIN. CODE. ANN. § 392.304(a) (2007). An aggrieved party may sue for injunctive relief or actual damages sustained as a result of a violation of the TDCA unless "the action complained of resulted from a bona fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error." TEX. FIN. CODE. ANN. § 392.401, 403 (2007).

Gachiengu alleges that FIA violated the TDCA by filing this suit seeking confirmation of the arbitration award when the suit was barred by the section 9 one-year limitations period. (Docket Entry No. 27 at 8–9). Gachiengu asserts that the filing of this suit constituted a false and misleading representation regarding the legal status of his debt, in violation of § 392.304(a)(8), and the use of false representations or deceptive means to collect a consumer debt, in violation of § 392.304(a)(19). (Docket Entry No. 1 at 4–5). FIA argues that "[s]ince the undisputed terms of the Credit Card Agreement dictate that Delaware law governs the contractual relationship between the parties, Defendant's state law counterclaims for alleged violations of the TDCA fail on that basis alone." (Docket Entry No. 23 at 10–11).

Even if Texas law applies, however, the filing of this suit did not violate the TDCA. The TDCA provides that "[a] person does not violate this chapter if the action complained of resulted from a bona fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error." TEX. FIN. CODE. ANN. § 392.401 (2007). A bona fide error is "unintentional, inadvertent, and in good faith." *Ferguson v. Mellon Bank, N.A.*, No. 05-92-02459-CV, 1994 WL 197078, at *6 (Tex. App.–Dallas May 16, 1994, writ denied) (citing BLACK'S LAW DICTIONARY 177 (6th ed. 1990)). One court has applied an analogous provision in the federal Fair Debt Collection Practices Act to similar circumstances. Under the federal Act, "[a] debt collector may not be held liable . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C.A. § 1692k(c) (2008). In *Simmons v. Miller*, 970 F. Supp. 661 (S.D.

Ind. 1997), a debtor sued debt collectors under the federal Fair Debt Collection Practices Act for bringing a time-barred debt-collection suit. The court found that the debt collectors "did not knowingly file a time-barred suit" because the applicable statute of limitations regarding the debt collection suit had not been definitively established and, even it if it had been, the debt collectors could have asserted a good-faith basis to change that law, and "therefore . . . they could not have violated the FDCPA as alleged." *Id.* at 665.

As noted, there is a circuit split over whether the one-year period in section 9 is mandatory or permissive. *See Photopaint*, 335 F.3d at 156–58. Despite the Fifth Circuit's conclusory statement that section 9 requires that a motion to confirm an arbitration award be filed within one year after the award is made, *see Bernstein Seawell & Kove*, 813 F.2d at 731, one district court in this circuit has stated that the one-year period is permissive, *see Nations Personnel of Texas, Inc.*, No. CIV A 3:95-CV-3072-R, 2000 WL 626868, at *2 (N.D. Tex. May 15, 2000). FIA filed suit after the one-year period due to a bona fide error resulting from a circuit split on a legal issue. There is no TDCA violation as a matter of law.[1] Gachiengu has failed to raise a fact issue as to whether FIA violated the TDCA by filing this suit for confirmation of the arbitration award because the suit was untimely.

---

[1] Several cases emphasize that a defendant must show not only a "bona fide error" but also "the use of reasonable procedures adopted to avoid" the error. *See Walter Baxter Seed Co. v. Rivera*, 677 S.W.2d 241, 246(Tex. App.–Corpus Christi 1984, writ ref'd n.r.e.); *Central Adjustment Bureau, Inc. v. Gonzales*, 528 S.W.2d 314, 316 (Tex. Civ. App. 1975, no writ). The "bona fide error" in this case was an error of law, not an error concerning the amount or status of a debt, the typical "errors' that arise in TDCA cases. *See, e.g.*, *Waterfield Mortg. Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 643–44 (Tex. App.–San Antonio 1996, no writ) (defendant violated TDCA by misrepresenting the amount owed and foreclosing on the plaintiff's home). The requirements are met when, as here, the alleged "error" is a legal decision on an unclear and disputed area of law. *See Simmons*, 970 F. Supp. at 665.

FIA's motion for summary judgment on Gachiengu's TDCA claim is granted.

**VI.    Conclusion**

Gachiengu's motion for partial summary judgment on the issue of whether FIA's suit to confirm the award is time-barred is granted; FIA's motion for summary judgment and motion to confirm the arbitration award are denied. FIA's motion to strike is granted. Gachiengu's motion to vacate the award was not timely and is denied. FIA's motion for summary judgment on Gachiengu's Texas Debt Collection Act claim is granted.

Final judgment is entered by separate order.

SIGNED on August 14, 2008, at Houston, Texas.

                                    Lee H. Rosenthal
                                    United States District Judge